IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIE WEAVER,<br><br>  Plaintiff,<br><br>  vs.<br><br>CORRECTIONAL OFFICER DANIAL,<br><br>  Defendant(s). | No. C 07-05961 JW (PR)<br><br>ORDER REOPENING CASE; DENYING MOTION TO PROCEED *IN FORMA PAUPERIS;* DIRECTING PLAINTIFF TO PAY FULL FILING FEE<br><br>(Docket Nos. 3 & 4) |

Plaintiff, a California state prisoner and frequent litigant in this Court, has filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983.[1] The case was dismissed on January 18, 2008. Plaintiff filed an untimely motion to proceed in forma pauperis on January 17, 2008. In the interest of justice, the Court vacates the order of dismissal (Docket No. 3) and orders the file to be reopened. Plaintiff's motion to proceed in forma pauperis (Docket No. 4) is now before the Court.

///

---

[1] Plaintiff has filed over eighty complaints in pro se in this Court since 2004 to the date of this order, each time filing an application to proceed in forma pauperis.

Order Reopening Case; Denying IFP; Directing P to Pay Full Fee
P:\PRO-SE\SJ.JW\CR.07\Weaver05961_reopen & deny ifp (1915g).wpd

**DISCUSSION**

A.   28 U.S.C. § 1915(g)

The Prison Litigation Reform Act of 1995 ("PLRA") was enacted, and became effective, on April 26, 1996. It provides that a prisoner may not bring a civil action in forma pauperis under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Section 1915(g) requires that this Court consider prisoner actions dismissed before, as well as after, the statute's 1996 enactment. Tierney v. Kupers, 128 F.3d 1310, 1311-12 (9th Cir. 1997). And as the text of § 1915(g) makes clear, the court may count as strikes dismissals of district court cases as well as dismissals of appeals. See Rodriguez v. Cook, 169 F.3d 1176, 1178 (9th Cir. 1999) (prisoner does not get three frivolous claims and three frivolous appeals before being barred by § 1915(g)).

The Ninth Circuit in Andrews v. King, 398 F.3d 1113, 1120 (9th Cir. 2005) ("Andrews I"), implicitly allowed the district court to raise the § 1915(g) problem sua sponte, but required the district court to notify the plaintiff of the earlier dismissals it considers to support a § 1915(g) dismissal and allow the plaintiff an opportunity to be heard on the matter before dismissing the action. See id. at 1120. Plaintiff must show why a prior dismissal should not count as a strike. Id. The prisoner must be given notice of the potential disqualification under § 1915(g) and plaintiff bears the ultimate burden of persuasion that § 1915(g) does not bar pauper status for him. Id.

    1.   Prior "Strikes"

Plaintiff has had three or more prisoner actions/appeals dismissed by a

federal court on the grounds that they are frivolous, malicious, or fail to state a claim upon which relief may be granted: (1) <u>Weaver v. Pelican Bay State Prison</u>, No. C 04-3077 JW (PR) (N.D. Cal. May 18, 2005) (civil rights action dismissed for failure to state a claim upon which relief may be granted); (2) <u>Weaver v. Nimrod</u>, No. C 04-3154 JW (PR) (N.D. Cal. Dec. 14, 2004) (same); (3) <u>Weaver v. Pelican Bay State Prison Mail Room</u>, No. C 04-4784 JW (PR) (N.D. Cal. Jan. 5, 2005) (same); (4) <u>Weaver v. Daniel</u>, No. C 05-1373 JW (PR) (N.D. Cal. May 9, 2005) (same); and (5) <u>Weaver v. Monterio, et al.</u>, No. 05-0166 RSWL (FMO) (C.D. Cal. Nov. 21, 2005) (same).

In accordance with <u>Andrews I</u>, plaintiff was notified by this Court on at least eighteen separate cases of the same cases cited above that supported a § 1915(g) dismissal, and in each case plaintiff was afforded an opportunity to show why the prior dismissals should not count as strikes. <u>See e.g.</u>, <u>Weaver v. Whiteford</u>, No. C 04-03894 JW (PR) (N.D. Cal. Sept. 1, 2006), <u>Weaver v. Pelican Bay State Prison</u>, No. C 05-00632 JW (PR) (N.D. Cal. July 27, 2007), <u>Weaver v. Pelican Bay State Prison</u>, No. C 05-02441 JW (PR) (N.D. Cal. Dec. 27, 2005), <u>Weaver v. Pelican Bay State Prison Mail Room</u>, No. C 06-02500 JW (PR) (N.D. Cal. Sept. 8, 2006), and <u>Weaver v. Diaz</u>, No. C 07-00162 JW (PR) (N.D. Cal. July 27, 2007). In each case, plaintiff failed to attack the validity of the strikes under 1915(g), and those eighteen complaints were ultimately dismissed under § 1915(g).

Plaintiff has been already been given numerous opportunities to attack the validity of the prior strikes, and he will not in this action be given yet another opportunity to respond in an attempt to delay dismissal pursuant to § 1915(g).[2] The

---

[2] The Court finds notable one federal court of appeals which has held that "[a]n effort to bamboozle the court by seeking permission to proceed <u>in forma pauperis</u> after a federal judge has held that § 1915(g) applies to a particular litigant will lead to immediate termination of the suit." <u>Sloan v. Lesla</u>, 181 F.3d 857, 859 (7th Cir. 1999).

Order Reopening Case; Denying IFP; Directing P to Pay Full Fee
P:\PRO-SE\SJ.JW\CR.07\Weaver05961_reopen & deny ifp (1915g)3.wpd

Court deems the validity of the prior strikes undisputed. Therefore, plaintiff must show on the face of his complaint that he is in imminent danger of serious physical injury in order to proceed under § 1915(g).

### 2. Imminent Danger of Serious Physical Injury

Because plaintiff has had three or more prisoner actions/appeals dismissed by a federal court on the grounds that they are frivolous, malicious, or fail to state a claim upon which relief may be granted, plaintiff may proceed in forma pauperis in this action only if he is seeking relief from a danger of serious physical injury that is "imminent" at the time of filing. See Abdul-Akbar v. McKelvie, 239 F.3d 307, 312 (3d Cir. 2001) (en banc); Medberry v. Butler, 185 F.3d 1189, 1192-93 (11th Cir. 1999); Ashley v. Dilworth, 147 F.3d 715, 717 (8th Cir. 1998); Banos v. O'Guin, 144 F.3d 883, 885 (5th Cir. 1998). The plain language of the imminent danger clause in § 1915(g) indicates that "imminent danger" is to be assessed at the time of filing of the complaint. See Andrews v. Cervantes, 493 F.3d 1047, 1053 (9th Cir. 2007) ("Andrews II"). The conditions that existed at some earlier or later time are not relevant. See id.; see id. at 1053 n.5 (post-filing transfer of prisoner out of the prison at which danger allegedly existed may have made moot his request for injunctive relief against the alleged danger, but it does not affect the § 1915(g) analysis).

Once the prisoner "satisfies the exception to the three-strikes rule and otherwise qualifies for IFP status, the district court must docket the entire complaint and resolve all of its claims, without requiring the upfront payment of the filing fee." Id. at 1054. If any claim alleges an imminent danger at the time of filing, the whole complaint can go forward; the court should not do a claim-by-claim analysis, dismissing those claims as to which there is no imminent danger alleged. See id. at 1055. A district court's determination that plaintiff has alleged satisfactorily that he is in imminent danger of serious physical injury does not preclude defendants from

1  later challenging plaintiff's imminent danger allegations in a motion for summary
2  judgment, however. Gibbs v. Cross, 160 F.3d 962, 967 n.8 (3d Cir. 1998)
3  (acknowledging that imminent danger allegations may be challenged after initial
4  grant of leave to proceed in forma pauperis).

5      The court "should not make an overly detailed inquiry into whether the
6  allegations qualify for the exception." Andrews II, 493 F.3d at 1055. It is sufficient
7  if the complaint "makes a plausible allegation that the prisoner faced 'imminent
8  danger of serious physical injury' at the time of filing." Id.; see, e.g., id. at 1055
9  (allegation that plaintiff is at risk of contracting HIV or hepatitis C was sufficient to
10 bring his complaint within the imminent danger exception); id. at 1057 ("prisoner
11 who alleges that prison officials continue with a practice that has injured him or
12 others similarly situated in the past will satisfy the 'ongoing danger' standard and
13 meet the imminence prong of the three-strikes exception" even if prisoner had
14 already contracted a contagious disease and complained of being housed near
15 prisoners with contagious diseases); cf. Ashley, 147 F.3d at 717 (plaintiff
16 sufficiently alleged ongoing danger where he had repeatedly been housed near
17 enemies, despite his protests, and where he filed his complaint very shortly after
18 being attacked by an enemy); Abdul-Akbar, 239 F.3d at 315 n.1 (while declining to
19 reach question of whether "imminent danger" encompasses an ongoing danger of
20 serious physical injury, noting that the plaintiff's allegations of past acts of physical
21 harassment were not sufficiently specific or related to support an inference of an
22 ongoing danger); Medberry, 185 F.3d at 1193 (no ongoing danger where plaintiff
23 had been placed in administrative segregation following physical assaults by fellow
24 inmates and before he filed his complaint).

25     Plaintiff states his claims in a single paragraph as follows: "Correctional
26 Officer Danial refused to stop har[]assaing plaintiff, slam[m]ing plaintiff['s] tray
27 slot, putting cuffs on to tite [sic] all on the date 11/13/07. Also on 11/13/07

28 Order Reopening Case; Denying IFP; Directing P to Pay Full Fee
P:\PRO-SE\SJ.JW\CR.07\Weaver05961_reopen & deny ifp (1915g).wpd    5

Correctional Officer Danial told plaintiff fuck you.  Plaintiff have [sic] had problems of har[]assments from this correctional officer. Over 10 42 U.S.C. [§] 1983 complaints against this correctional officer. [sic]  This correctional officer showed deliberate indif[f]erence under the Eight[h] Amendment that constitute[s] cruel [and] unusual punishment." (Compl. at 3.)  Nowhere in the complaint does plaintiff make any allegation that he is in imminent danger of serious physical injury.  Accordingly, plaintiff is not entitled to the imminent danger exception of § 1915(g) to avoid dismissal of the instant complaint without the full payment of the filing fee.

## CONCLUSION

For the foregoing reasons:

The order of dismissal entered January 18, 2008, (Docket No. 3) is vacated. The clerk shall reopen the file.

Because plaintiff has had three or more prior dismissals and is not under imminent danger of serious physical injury, his request to proceed in forma pauperis (Docket No. 4) is DENIED pursuant to § 1915(g).

**PLAINTIFF MUST PAY THE FULL FILING FEE WITHIN THIRTY (30) DAYS FROM THE DATE THIS ORDER IS FILED.  FAILURE TO PAY THE FULL FILING FEE IN THE TIME PROVIDED WILL RESULT IN THE DISMISSAL OF THIS ACTION WITHOUT PREJUDICE WITHOUT FURTHER NOTICE TO PLAINTIFF.**

This order terminates Docket No. 4.

DATED: January 30, 2008

JAMES WARE
United States District Judge

Order Reopening Case; Denying IFP; Directing P to Pay Full Fee
P:\PRO-SE\SJ.JW\CR.07\Weaver05961_reopen & deny ifp (1915g).wpd    6